**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie C. Rangel,<br><br>            Plaintiff,<br><br>vs.<br><br>JP Morgan Chase Bank, NA, et al.,<br><br>            Defendants. | No. CV-10-8242-PCT-DGC<br><br>**ORDER** |

Plaintiff filed a complaint against Defendants on November 12, 2010 in the Superior Court for Yavapai County. Defendants removed the case to this Court on December 14, 2010. Doc. 1. On December 17, 2010, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 7), and on January 12, 2011, filed a motion for summary disposition of its motion to dismiss (Doc. 8). Plaintiff has filed no response to either motion, and the time for doing so has expired. *See* LRCiv 12.1(b), 56.1(d); Fed. R. Civ. P. 6(d). On February 22, 2011, this Court issued an order requiring Plaintiff to respond by March 18, 2011. Doc. 9. The order clearly indicated that failure to file a response will result in granting the motion to dismiss. *Id.* at 2:7-9, 2:17-18. The order also indicated that failure to prosecute may result in dismissal of this case. *Id.* at 2:9-12.

Plaintiff has not filed a response as required by this Court's March 18 order. Pursuant to Local Rule 7.2(i), "such non-compliance may be deemed a consent to the . . . granting of the motion." The Court will grant Chase's motion to dismiss.

1  In addition, the Court will dismiss Plaintiff's complaint against Chase for failure to 2 comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed 3 "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest 4 in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the 5 risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of 6 cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Engineers,* 7 *Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v.* 8 *USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 9 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 10 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Engineers*, 158 11 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court 12 explicitly discussed alternative sanctions, whether it tried them, and whether it warned the 13 recalcitrant party about the possibility of dismissal." *Id.*

14  Considering this five-factor test, the Court concludes that dismissal is an appropriate 15 sanction in this case. The public's interest in expeditious resolution of litigation and the 16 Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. 17 In addition, Chase will be subject to prejudice if a sanction of dismissal is not imposed. 18 Chase is unable to move forward with its defense of this case when Plaintiff refuses to 19 respond to its motions and the Court's order. Finally, the Court has considered less drastic 20 sanctions, but none is apparent. Plaintiff has not responded to motions and has refused to 21 comply with the Court's order. The Court specifically warned Plaintiff that dismissal could 22 result from further inaction. The Court concludes that the appropriate resolution of this 23 problem is to dismiss Plaintiff's case against Chase.

24  As a result of the ruling above, only Defendant Michael Cavanaugh remains in this 25 case – a defendant whom Chase has characterized as a fictitious party.[1] Doc. 1 at 2:11. The

---

[1] Plaintiff's handwritten title page in the state action lists "Michael Bosco" as defendant. Doc. 1-1 at 5.

- 2 -

Court will require Plaintiff to file a memorandum showing good cause why the case against Defendant Cavanaugh should not be dismissed for lack of prosecution. The memorandum must be filed by **April 18, 2011** to avoid summary dismissal. Failure to file the memorandum will result in dismissal of this case.

**IT IS ORDERED:**

1. Chase's motion to dismiss (Doc. 7) is **granted**.
2. Chase's motion for summary dismissal (Doc. 8) is **granted.**
3. By **April 18, 2011**, Plaintiff shall file a memorandum showing good cause why claims against the remaining defendant should not be dismissed. Failure to comply with this order will result in dismissal.

DATED this 25th day of March, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge